**STATE of Vermont v. Fisher JONES (Green Mountain Bail Bonds, Inc.) (Shelley D. Palmer, Appellant)**

[709 A.2d 507]

No. 97-030

March 11, 1998. Bail surety Shelley D. Palmer of Green Mountain Bail Bonds appeals a district court order forfeiting $10,000 in bail. Defendant Fisher L. Jones was arrested as a fugitive from justice, and released on bail pending extradition, under 13 V.S.A. § 4955. Surety argues on appeal that his bail bond secured defendant's availability for no longer than the thirty days provided in the statute, and that the court was required to "again take bail for [defendant's] appearance" for an extension of time to await issuance and service of the governor's extradition warrant. 13 V.S.A. § 4957. We agree and reverse.

On October 3, 1996, authorities in Vermont arrested defendant on a fugitive from justice warrant for alleged violation of parole conditions imposed by the State of Colorado. See 13 V.S.A. § 4955. The same day, defendant was released on $10,000 bail, backed by surety. The bail order and bond indicated no specific conditions of release, but provided that the next court date was a status conference to be held November 1, 1996. Defendant appeared in court on that date, but because the governor's extradition warrant had not yet issued, the court extended for an additional sixty days defendant's commitment to await extradition. See 13 V.S.A. § 4957 (court may extend for sixty days time of commitment to await arrest under governor's extradition warrant, "or may again take bail for [defendant's] appearance and surrender"). The court did

not take new bail, but instead released defendant on the original $10,000 bond. Defendant appeared at a status conference on November 26, 1996, and again on December 3, 1996, where he was arrested under a governor's extradition warrant. Defendant expressed his wish to challenge the validity of the governor's warrant and was released once again on surety's original bail. On December 5, 1996, surety filed notice that the previously taken $10,000 bail bond should not be used to secure defendant's continued appearance in court. Defendant appeared in court for a status conference on December 12, 1996, but failed to appear at a conference scheduled for January 8, 1997. The court ordered a warrant for his arrest and detention without bail. On January 20, 1997, surety moved to chancer bail under 13 V.S.A. §§ 7570, 7571, but the court found defendant had violated bail conditions and ordered forfeiture. Surety appeals.

A fugitive from justice of another state may be detained in Vermont pending issuance of a governor's warrant directing rendition of the accused to the other state. See 13 V.S.A. §§ 4941-4968. The proceeding is not a criminal prosecution, but rather "a unique statutory procedure aimed at implementing the extradition provision of the federal constitution." *Lovejoy v. State*, 148 Vt. 239, 242, 531 A.2d 921, 923 (1987). Statutory authority for defendant's arrest and detention pending extradition derives from 13 V.S.A. § 4955, which provides that a fugitive shall be committed to jail, or released on bail, "for such a time, *not exceeding thirty days* . . . as will enable the arrest of the accused to be made under a warrant of the governor." (Emphasis added). Section 4957 provides further that if, by the expiration of the time period specified for the initial detention under § 4955, the accused is not arrested under warrant of the governor, the court "may discharge him or may recommit him for a further

period not to exceed sixty days, *or may again take bail for his appearance and surrender.*" 13 V.S.A. § 4957 (emphasis added). On October 2, 1996, the district court issued an order providing that defendant "be committed to jail for a period not exceeding 30 days, as will enable [his] arrest . . . to be made under a warrant of the Governor on a requisition of the executive authority of Colorado, pursuant to 13 V.S.A. § 4955." Defendant's October 3, 1996 release on bail was made under authority of the October 2 warrant and § 4955. At most, the bail taken covered a time period not to exceed thirty days. Defendant made all appearances in court requested of him during the thirty days following the bail order; no condition of bail was broken. On November 1, 1996, when the court extended defendant's commitment to await extradition for sixty days, it should have, but did not, "again take[n] bail for his appearance and surrender." 13 V.S.A. § 4957. The court erroneously forfeited surety's bail in the amount of $10,000.

*The district court's order forfeiting bail is reversed. Funds surrendered pursuant to the order shall be returned.*